UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOAT RAISING AND RECLAMATION,

                Plaintiff,

vs.                                         Case No. 2:06-cv-78-FtM-29DNF

VICTORY, a 56' Dania Custom Boat, her engines, tackle, equipment, apparel, appurtenances, etc., ANDREW PATTERSON, ALLSTATE INSURANCE COMPANY,

                Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the following motions: (1) plaintiff's Motion for Partial Summary Judgment (Doc. #38) filed on June 14, 2007, to which defendants filed a Response (Doc. #43) on June 28, 2007; and (2) defendants' Motion to Dismiss and for Partial Summary Judgment (Doc. #44) filed on July 2, 2007, to which plaintiff filed a Response (Doc. #46) on July 18, 2007.

    As an initial matter, defendants seek to dismiss the *in rem* claim against the M/V Victory because the vessel was never arrested. (Doc. #44, p. 2.) Plaintiff agrees that the *in rem* claim should be dismissed. (Doc. #46, p. 6.) Therefore, defendants' motion to dismiss is granted as to the *in rem* claim against the vessel M/V Victory.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. <u>Id.</u>

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Rice-Lamar v. City of Ft. Lauderdale, Fla.</u>, 232 F.3d 836, 840 (11th Cir. 2000). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiff. Johnson v. Booker T. Washington Broad. Servs., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. Hilburn, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)).

## II.

The summary judgment facts are as follows: defendant Patterson owned a vessel that was docked at his house on Marco Island. (Doc. #23, p. 2.) On August 13, 2004, during hurricane Charlie, the vessel broke free from Patterson's dock, floated down a canal and ended up grounded on a sandbar. (Doc. #23, p. 2; Patterson, pp. 18, 20, 25.) Plaintiff, a maritime salvage company, dislodged the vessel and brought it back to Patterson's dock, where they secured it to trees on Patterson's property. (Doc. #23, p. 3; Patterson, p. 50.) Additional facts are set forth below as needed.

## III.

**A.   Plaintiff's Motion for Partial Summary Judgment (Doc. #38)**

Plaintiff seeks summary judgment on defendants' claims that the salvage operation caused additional damage to the vessel and

that plaintiff's employees stole equipment and other valuables from the vessel. (Doc. #38, pp. 1-2.) Plaintiff asserts that there is no evidence to support either of defendants' contentions. In support of their argument, plaintiff cites Patterson's deposition, in which Patterson testified that "probably all of [the damage] was caused by the hurricane" and that he did not know who took the missing equipment. (Doc. #38, p. 2.)

The Court disagrees. There is sufficient evidence from which a reasonable jury could conclude that plaintiff's actions resulted in additional damage to the vessel. Patterson testified that he warned plaintiff that "the running gear would be damaged at low tide if he starts pulling the [vessel]." (Patterson, p. 26.) Donald Cramer also testified that it was low to mid tide at the time that plaintiff's employee was standing guard over the boat. (Cramer, p. 13.) Furthermore, Patterson stated that plaintiff started the generator, and was subsequently unable to shut it off, thereby burning it up. (Id. at p. 27.) This testimony in conjunction with defendants' response to plaintiff's interrogatories, which state that "during towage, . . . plaintiff damaged the hull and other underwater appendages of the vessel by failing to wait until high tide[,]" create issues of material facts, and therefore summary judgment is denied as to the cause of damage to the vessel. (Doc. #43-5, p. 3.)

As for the stolen merchandise, Patterson testified that only plaintiff's employees boarded the vessel, as he did not believe that the person charged with dropping the anchor ever made it on board. (Patterson, p. 18.)  Furthermore, plaintiff stated that the identity of the salvage crew is unknown, only identifying them as "unskilled labor."  (Doc. #43-4, p. 3.)  From this, a reasonable jury could conclude that plaintiff is wholly or partly responsible for the disappearance of the missing items.  Therefore, plaintiff's motion for summary judgment is denied.

**B.   Defendants' Motion for Partial Summary Judgment (Doc. #44)**

Defendants seek summary judgment on the issue of attorney fees because "the facts of this case do not fall within any recognized exception to the general rule prohibiting attorney's fees under the maritime law." (Doc. #44, p. 3.)  As stated in the Court's January 11, 2007 Order "it is the general rule that attorney's fees are not awarded in admiralty cases, but there are a few exceptions to this rule.  Attorney's fees have been awarded when the losing party has acted in bad faith or vexatiously." (Doc. #34, p. 3)(internal citations omitted).  The Court finds that this case has not reached a stage where a prevailing party has been determined, and therefore the motion is denied.

Accordingly, it is now

**ORDERED:**

    1.   Plaintiff's Motion for Partial Summary Judgment (Doc. #38) is **DENIED**.

    2.   Defendants' Motion to Dismiss and for Partial Summary Judgment (Doc. #44) is **GRANTED** as to the Motion to Dismiss and **DENIED** as to the Motion for Partial Summary Judgment.

    **DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of August, 2007.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge